**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christoph Hagemann, a German citizen; Eva Weidlich, a German citizen; Sonja Hagemann, a German citizen, <br><br> Plaintiffs, <br><br> vs. <br><br> Russell Ritchie, et al., <br><br> Defendants. | No. CV-11-1479-PHX-GMS <br><br> **ORDER** |

Pending before the Court are Defendants' Motion for Judgment on the Pleadings on Fraud Claim (Doc. 31) and Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 34). For the reasons discussed below, Plaintiffs' Motion for Leave to File Amended Complaint is granted, and Defendants' Motion for Judgment on the Pleadings on the Fraud Claim is denied as moot.

**BACKGROUND**[1]

In early 2008, Helmut Hagemann, who is not a party to this action, earned certain options to obtain stock in a company called J.S. Elekta, Ltd., a Cyprus LLC. J.S. Elekta held, as its primary asset, an ownership interest in ICHUA Ltd., another Cyprus LLC, which was

---

[1] The facts in this section are alleged in Plaintiff's complaint and taken as true for purposes of this Order.

at the time the sole shareholder of Intellecom, a Ukraine LLC. Also in early 2008, a corporate restructuring of Intellecom occurred. This restructuring was facilitated by an agreement called the Project Limes Frame Agreement ("Limes Agreement"), which incorporated several separately negotiated agreements between various stakeholders.

On March 19, 2008, Helmut Hagemann, Kurt Hiete and Defendant Scott Ritchie, on behalf of Defendant Russell Ritchie, negotiated, prepared and executed a document entitled "Settlement Agreement." The Settlement Agreement provided that a new entity would be formed to hold "at least 50% of the total shareholder rights in Elekta." This new entity was referred to in the Settlement Agreement as the Ritchie Group. The Settlement Agreement further provided that Russell Ritchie was to grant Hiete and Hagemann "1,500 shares in the Ritchie Group, which equals 24% of th Ritchie Group." Helmut Hagemann and Hiete agreed between themselves that Hagemann would obtain 1147 of the 1500 shares pledged to them in the Settlement Agreement, and that Hagemann would accordingly have an 18.12% ownership interest in the Ritchie Group.[2] The Settlement Agreement was attached to and incorporated into the Limes Agreement, which was executed by Helmut Hagemann, Plaintiffs, Russell Ritchie, and several others on April 8, 2008.

Under the Limes Agreement, an entity referred to both as "Ritchie NewCo" and as "EHI," would obtain a 23.2% share of an entity called "NewCo II," which later became LMS 2 Beteilligungs GmbH, a German LLC ("LMS 2"). LMS 2 acquired certain shareholder rights of ICHUA, and EHI obtained an interest in LMS 2 equivalent to 50% or more of the shareholder rights held by JS Elekta prior to the execution of the Limes Agreement.

On September 20, 2008, Russell Ritchie sent to Helmut Hagemann via email a draft Operating Agreement for EHI. This draft Operating Agreement identified Helmut Hagemann as holding 1147 shares. These 1147 shares reflect an 11.65% ownership in EHI, not the 18.12% ownership interest contemplated by the Settlement Agreement. In total, Scott

---

[2] At some point, Helmut Hagemann gifted this interest to his children, who are the Plaintiffs in this action.

- 2 -

1 Ritchie, Cliff Nordyke (Russell Ritchie's son-in-law), and a company owned and controlled
2 by Russell Ritchie, were listed as holding an ownership in EHI that was 11.525% greater
3 than the ownership listed for them in the Settlement Agreement. Plaintiffs allege in their
4 complaint that during the course of negotiating the Limes Agreement, Scott Ritchie made one
5 or more false and material misrepresentations of present facts to Hagemann that Scott Ritchie
6 knew was false, including that the value of the 1147 shares in EHI pledged to Plaintiffs and
7 their predecessor in interest were worth 18.12% of EHI.

8 Hagemann and Plaintiffs have repeatedly demanded a revised ownership percentage
9 in EHI, but their demand has been refused. Although EHI sold a significant portion of its
10 assets in LMS 2 in late 2008, no proceeds of that sale were distributed to Hagemann or any
11 of the Plaintiffs. On July 27, 2011, Plaintiffs filed their Complaint in this action. Count I of
12 the Complaint is a claim for unjust enrichment against all Defendants except Russell Ritchie.
13 Count II is a breach of contract claim against Russell Ritchie. Count III is a fraud claim
14 against Scott Ritchie. Defendant now moves for judgment on the pleadings on the fraud
15 claim. (Doc. 31).

**DISCUSSION**

**I.   Legal Standard**

18 A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure
19 12(c) "is properly granted when, taking all the allegations in the non-moving parties's
20 pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v.*
21 *County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*,
22 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court
23 must accept as true all allegations in the plaintiff's complaint and treat as false the allegations
24 in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal
25 pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a
26 remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.
27 1995).

28 Certain elements of fraud claims carry a higher standard of pleading under the Federal

- 3 -

Rules Civil Procedure: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind of a person may be alleged generally." FED. R. CIV. P. 9(b). Under this rule, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotations omitted).

## II. Analysis

In the Complaint, Plaintiffs allege that during the course of negotiating the Limes Agreement, Scott Ritchie made "one or more false and material misrepresentations of present facts" that he knew was false, including that "the value of the 1,147 shares in the EHI pledged to plaintiffs and [Hagemann] were worth 18.12% of EHI." (Doc. 1, ¶ 89). Plaintiffs further allege that Ritchie made such representations intending that Hagemann rely on them, and that Hagemann did, in fact, so rely. (*Id.* at ¶ 90). As stated by Defendants, however, "[t]he times, dates, places and other details of [Ritchie's ]alleged fraudulent statements are not provided" in Plaintiffs' Complaint. (Doc. 31 at 8). Plaintiffs have therefore failed to state a fraud claim for which relief can be granted.

Plaintiffs, however, have attached a proposed amended complaint to their Response to Defendants' motion to dismiss in which they appear to have remedied the defects in their initial complaint. (*See* Doc. 34-1, ¶¶ 59–68). Plaintiffs request leave to file the proposed amended complaint. (Doc. 34 at 9–10). Defendant Scott Ritchie "has no objection to an amendment of the Complaint." (Doc. 38 at 4). The Court will therefore grant Plaintiffs leave to file their proposed amended complaint, Doc. 34-1, and dismiss Defendants' Motion for Judgment on the Pleadings as moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 34) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings on Fraud Claim (Doc. 31) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiffs shall file and serve the proposed amended pleading (Doc. 34-1) on all parties within (14) fourteen days of the filing of this Order as required by LRCiv. 15.1.

DATED this 8th day of May, 2012.

*G. Murray Snow*
G. Murray Snow
United States District Judge